**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DERRICK ROBERTSON, PETITIONER**
**ADC# 96007**

**V. CASE NO. 5:13CV00250 JLH/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction RESPONDENT**

# RECOMMENDED DISPOSITION

## I. Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to United States District Court Judge J. Leon Holmes. Mr. Robertson – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II. Background

On August 2, 2013, Petitioner Derrick Robertson filed the pending petition for writ of habeas corpus.[1] (docket entry #2) In the petition, he alleges a number of constitutional deficiencies in the trial that led to his conviction. Respondent, Director Ray Hobbs, has filed a motion to dismiss contending that the petition is time-barred. (#9) Mr. Robertson has responded to the motion. (#11) For the reasons explained below, the Court will recommend that Judge Holmes GRANT the motion to dismiss (#9), and DISMISS Mr. Robertson's petition, with prejudice.

On June 17, 2010, a Little River County jury found Mr. Robertson guilty of first-degree murder. (#2) The Supreme Court of Arkansas affirmed the conviction on May 5, 2011. (#9-3) *Robertson v. State*, 2011 Ark. 196.

On August 12, 2011, Mr. Robertson filed a Rule 37 petition for postconviction relief with the trial court. (#9-1) The trial court apparently denied the petition on December 13, 2011. (#9-2) It does not appear that Mr. Robertson appealed the denial of

[1] The Clerk of Court filed Mr. Robertson's petition on August 6, 2013, but Mr. Robertson executed his petition on August 2, 2013. (#2) Under the mailbox rule, the Court will consider the petition filed on August 2, 2013.

his Rule 37 petition, or that he filed any other application for postconviction relief prior to filing the instant petition.

**III. Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for a state prisoner to commence a habeas corpus proceeding under 28 U.S.C. § 2254. The limitations period begins to run from, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

If a petitioner pursues direct review to the United States Supreme Court, judgment becomes final when the Supreme Court either affirms the conviction on the merits or denies the petition for certiorari. *Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653 (2012). If the petitioner does not pursue direct review in the Supreme Court, the judgment becomes final at the expiration of the time to seek review in the Supreme Court; that is, ninety days after the conclusion of the petitioner's direct appeals in the state system. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012)(citations omitted).

The conclusion of Mr. Robertson's direct review in the State came on May 5, 2011, when the Supreme Court of Arkansas affirmed his conviction. (#9-3) *Robertson v. State*, 2011 Ark. 196. The one-year limitations period began to run after ninety days, on August 3, 2011, when Mr. Robertson's time to petition the Supreme Court of the United

States for certiorari expired. Yet Mr. Robertson did not file the current petition until August 2, 2013 – almost two years after his conviction became final. His claims are barred by the one-year statute of limitations, unless the limitations period can be tolled.

A. *Statutory Tolling*

The time during which a properly filed application for State postconviction or other collateral review is pending does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). Mr. Robertson filed a Rule 37 petition for postconviction relief, but Respondent claims that the petition was untimely. (#9) An untimely postconviction petition does not toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 1814 (2005).

Mr. Robertson executed his Rule 37 petition on July 17, 2011, but it was not file-marked until August 12, 2011.[2] (#9-1) There is no explanation for this delay in the record. The trial court held a hearing on Mr. Robertson's Rule 37 petition on December 13, 2011, and apparently denied the petition the same day. (#9-2) Respondent failed to provide the Order denying Mr. Robertson's Rule 37 petition, so this Court cannot determine whether the trial court found the petition untimely. Respondent also failed to

[2] Mr. Robertson's Rule 37 petition would have been timely if filed on July 17, 2011.

provide a transcript of the hearing.[3] The only evidence provided was a handwritten docket entry sheet. (#9-2)

Even if Mr. Robertson's Rule 37 petition was timely, he does not allege, and there is no evidence to support a finding, that he appealed the denial of his Rule 37 petition. Because Mr. Robertson failed to file a timely appeal, the limitations period began to run, at the very latest, on December 14, 2011, the day after the trial court denied his Rule 37 petition. See *Evans v. Chavis*, 546 U.S. 189, 197, 126 S. Ct. 846, 852 (2006)(only a timely appeal tolls the AEDPA's one-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court). So even if the limitations period did not begin until December 14, 2011, the pending petition was not filed within the limitations period. Mr. Robertson did not file this federal petition until August 2, 2013. This time alone extends beyond the one-year limitations period; thus, Mr. Robertson's claims are time-barred unless saved by equitable tolling.

B. *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010). A petitioner invoking equitable tolling, however, bears the burden of establishing that he has pursued his rights diligently, but that some extraordinary circumstance stood in the way of a

[3] Under Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court, the respondent must attach relevant parts of transcripts to the answer.

timely filing. *Id*. at 2562 (citing *Pace*, 544 U.S. at 418). While equitable tolling is a recognized exception to the one-year limitations period, it affords an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

In his response to the motion to dismiss, Mr. Robertson argues that his lack of state postconviction counsel entitles him to equitable tolling. (#11) He correctly notes that lack of counsel during an inmate's first round of state postconviction proceedings may establish "cause" to overcome procedural default. (#11, citing *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013)) But the primary issue here is the statute of limitations, and Mr. Robertson must show more than cause for his failure to timely file. He must also show that "some extraordinary circumstance stood in the way" of his ability to file a habeas petition within the time allowed by statute. *Holland*, 130 S.Ct. at 2562.

The fact that a person did not have a lawyer until after the limitations period had run is not an extraordinary circumstance. To the contrary, that circumstance is commonplace. Pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are generally inadequate grounds to warrant equitable tolling. See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

The Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions." *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987)(citations omitted); see also

*Martinez*, 132 S. Ct. at 1315 (declining to decide whether an exception exists when the collateral proceeding provides the first opportunity to raise a claim of ineffective assistance at trial). Finding that Mr. Robertson is entitled to equitable tolling based on his lack of counsel would require Arkansas to appoint postconviction counsel for everyone convicted of a crime or, in effect, waive its statute-of-limitations defense.

Mr. Robertson also fails to explain how he diligently pursued his rights since his conviction became final. Without a showing of diligence, equitable tolling is not available. See *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009)("We will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued his rights."). Mr. Robertson's claims are not saved by equitable tolling.

## IV. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Robertson has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Here, Mr. Robertson has not provided any basis for issuing a certificate of appealability.

## V. Conclusion

Mr. Robertson's petition is time-barred. For that reason, the Court recommends that Judge Holmes grant Respondent's motion to dismiss (#9), and dismiss Mr.

Robertson's petition, with prejudice. And because Mr. Robertson has not made a substantial showing that he was denied a constitutionally protected right, the Court further recommends that Judge Holmes not issue a certificate of appealability.

DATED this 9th day of October, 2013.

UNITED STATES MAGISTRATE JUDGE